```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


FREDDIE McRUNNELS and
THUSHONDA D. MADISON                                      PLAINTIFFS

VS.                        CIVIL ACTION NO. 5:07-cv-113(DCB)(JMR)

CALSONIC KANSEI NORTH AMERICA, INC., and
LEROY JOHNSON, JOINTLY AND SEVERALLY                      DEFENDANTS
```

## ORDER

This cause is before the Court on the plaintiff's Motion to Extend Discovery Deadline **(docket entry 56)**. Having carefully considered the motions and the defendants' responses, and being fully advised in the premises, the Court finds as follows:

The deadline for discovery in this case was June 2, 2008, as set by the scheduling order of November 5, 2007. The plaintiffs' motion for extension of time to complete discovery is untimely inasmuch as it was not filed until June 16, 2008, two weeks after the discovery deadline and after the defendants had filed motions for summary judgment. Nevertheless, the Court shall treat the plaintiffs' motion as governed by Rule 56(f) of the Federal Rules of Civil Procedure which provides:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f).  The plaintiffs are required "to present specific facts explaining [their] inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating 'how postponement of a ruling on the motion will enable [them], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"  Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990).

In order to receive a continuance for additional discovery, the plaintiffs must:

> (I) request extended discovery prior to the court's ruling on summary judgment;
>
> (ii) place the district court on notice that further discovery pertaining to the summary judgment motion was being sought; and
>
> (iii) demonstrate to the district court with reasonable specificity how the requested discovery pertains to the pending motion.

Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir. 1994).

The plaintiffs' attorney, Alton E. Peterson, filed the complaint in this action on May 29, 2007.  As grounds for re-opening discovery, the plaintiffs' attorney seeks to lay the blame on his co-counsel's lack of diligence.  He does not, however, show why the delay should not also be attributed to his own lack of diligence.  Discovery shall not be re-opened.  Nevertheless, since the Court shall treat the motion as a Rule 56(f) motion for limited discovery, it will withhold ruling on the plaintiffs' motion until

2

after it has received a full Rule 56(f) response from the plaintiffs.

On July 15, 2008, the Court entered an Order allowing the plaintiffs until July 21, 2008, to file their memoranda in response to the defendants' motions for summary judgment. In addition to their responsive arguments and authorities, the plaintiffs shall set forth therein their grounds for their motion for limited discovery as required by Rule 56(f), including the specific discovery requested and how it pertains to the motions for summary judgment. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion to Extend Discovery Deadline **(docket entry 56)**, which the Court treats as a motion for additional discovery under Rule 56(f), shall be held in abeyance until the Court has received the plaintiffs' responses to the defendants' motions for summary judgment, and the defendants' rebuttals.

SO ORDERED, this the 17th day of July, 2008.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE